UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TIRONE & TUAN INVESTMENTS, INC.,<br><br>　　　　　Defendant. | Case No. 21-cv-08370-SVK<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND SETTING ASIDE DEFAULT**<br><br>Re: Dkt. No. 15 |

　　　　Plaintiff Scott Johnson filed this action for violation of the Americans with Disabilities Act and the California Unruh Civil Rights Act.  Dkt. 1.  The named defendant is Tirone & Tuan Investments, Inc. ("Defendant").  *Id.*  Plaintiff contends that at the times relevant to Plaintiff's complaint, Defendant owned Big T's Seafood Market Bar located at 1694 Tully Road, San Jose, California.  *Id.* at ¶¶ 2-3.  Now before the Court is Plaintiff's motion for entry of a default judgment against Defendant.  Dkt. 15.

　　　　Defendant has not appeared in the action or opposed the motion for default judgment.  The Court deems the motion for default judgment appropriate for determination without oral argument pursuant to Civil Local Rule 7-1(b).  For the following reasons, the Court **DENIES** Plaintiff's motion for default judgment and **SETS ASIDE** the default entered by the Clerk of Court.

**I.　　BACKGROUND**

　　　　According to the Complaint, Plaintiff is a level C-5 quadriplegic who uses a wheelchair for mobility and has a specially equipped van.  Dkt. 1 (Complaint) at ¶ 1; *see also* Dkt. 15-3 (Johnson Decl.) at ¶ 2.  Plaintiff's complaint alleges that Defendant failed to provide wheelchair-accessible outside dining surfaces at Defendant's restaurant that is the subject of complaint, in violation of Plaintiff's rights under the ADA and the Unruh Act.  Dkt. 1 ¶¶ 10-14, 22-33.

　　　　Following issuance of the summons, Plaintiff filed a proof of service of the summons and

1  complaint.  Dkt. 9.  The proof of service was prepared on a California Superior Court form.  *Id.*
2  According to the proof of service filed by Plaintiff, Tirone Hyunh, who is identified as agent for
3  service of process, was served with copies of the summons, complaint, and other case documents
4  by substitute service on "'John Doe' (refused name), Person Apparently in Charge" at 1694 Tully
5  Road, San Jose, CA 94122."  *Id.* (box 5.b.).  The process server checked a box on the form stating
6  that "John Doe" was "a person at least 18 years of age apparently in charge of the office or usual
7  place of business of the person to be served" and that the process server "informed him or her of
8  the general nature of the papers."  *Id.* (box 5.b.(1)).  The proof of service also stated that the papers
9  were mailed first-class, postage prepaid to the person to be served at the place where the copies
10 were left on December 6, 2021.  *Id.* (box 5.b.(4)).

11  Defendant did not file an answer or otherwise responded to the complaint.  The Clerk of
12 Court entered default against Defendant on March 15, 2022.  Dkt. 11.  On July 12, 2022, the Court
13 set a deadline of July 26, 2022 for Plaintiff to file a motion for default judgment.  Dkt. 12.  On the
14 July 26 deadline, Plaintiff requested additional time to file the motion for default judgment due to
15 a "clerical error" in calendaring the deadline, and the Court granted an extension to July 29, 2022.
16 Dkt. 13, 14.

17  Plaintiff now moves for default judgment against Defendant.  Dkt. 15.  Plaintiff filed a
18 proof of service of the motion for default judgment stating that the motion had been mailed to
19 Tirone & Tuan Investments, Inc. at 1694 Tully Road, San Jose, CA 95122.  Dkt. 16.

20  Defendant did not file a response to the motion for default judgment.

21 **II.    LEGAL STANDARD**

22  After entry of default, a court may, in its discretion, enter default judgment.  *See* Fed. R.
23 Civ. P. 55; *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  Before entering default
24 judgment, the Court must assess the adequacy of the service of process on the party against whom
25 default is requested.  *See Trustees of ILWU-PMA Pension Plan v. Coates*, No. C-11-3998 EMC,
26 2013 WL 556800, at *4 (N.D. Cal. Feb. 12, 2013).  The Court must also determine whether it has
27 subject matter jurisdiction over the action and personal jurisdiction over the defaulted defendant.
28 *Id.* at *3-4.

1    If the Court concludes that the defaulted defendant was properly served and that the Court
2 has jurisdiction, the Court must next consider whether default judgment is appropriate,
3 considering seven factors set forth by the Ninth Circuit:  (1) the possibility of prejudice to the
4 plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint;
5 (4) the sum of money at stake in the action; (5) the possibility of dispute concerning material facts;
6 (6) whether default was due to excusable neglect; and (7) the strong policy under the Federal
7 Rules of Civil Procedure favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470,
8 1471-72 (9th Cir. 1986).  In considering these factors, the Court takes all well-pleaded factual
9 allegations in the complaint as true, except those concerning damages.  *Televideo Sys., Inc. v.*
10 *Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

### III.   DISCUSSION

As indicated above, "[i]n deciding whether to grant or deny default judgment, the Court must first assess the adequacy of the service of process on the party against whom default is requested because, if service were improper, that may well explain the failure of a defendant to appear in a lawsuit." *Folkmanis, Inc. v. Uptown Toys LLC,* No. 18-cv-00955-EMC, 2018 WL 4361140, at *2 (N.D. Cal. Sep. 13, 2018)  (internal quotation marks and citation omitted).

Defendant is a corporation.  *See* Dkt. 1.  Federal Rule of Civil Procedure 4(h)(1)(B) permits service on a corporation "by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant."  Alternatively, Federal Rules of Civil Procedure 4(h)(1)(A) and 4(e)(1) authorize service on a corporation in accordance with state law. In the motion for default judgment, Plaintiff takes the position that Defendant was served by substitute service pursuant to California Code of Civil Procedure § 415.20(a).  Dkt. 15-1 at 5. That section provides:

> In lieu of personal delivery of a copy of the summons and complaint to the person to be served as specified in Section 416.10, 416.20, 416.30, 416.40, or 416.50, a summons may be served by leaving a copy of the summons and complaint during usual office hours in his

or her office or, if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. When service is effected by leaving a copy of the summons and complaint at a mailing address, it shall be left with a person at least 18 years of age, who shall be informed of the contents thereof. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

Cal. Code Civ. Proc. § 415.20(a). California Code of Civil Procedure § 416.10, in turn, provides that a corporation may be served by delivering a copy of the summons and complaint to a person designed as agent for service of process or other specified persons associated with the corporation.

As discussed above, according to Plaintiff's proof of service, Tirone Hyunh, who is identified as Defendant's agent for service of process, was served with copies of the summons and complaint by substitute service on "John Doe," who is described as a person over 18 years old who was apparently in charge of the business at 1694 Tully Road, San Jose, CA 94122, and by subsequently mailing copies of the documents to that address. Dkt. 9 (box 5.b., 5.b.(4)). The public records filed by Plaintiff in support of the motion for default judgment identify Tirone Hyunh as the agent for service of process for Defendant. Dkt. 15-8 at PDF p. 15. However, several of the public records identify the exact address of Defendant and/or the business that is the subject of this lawsuit (Big T's Seafood Market Bar) as "Suite B" at 1694 Tully Road in San Jose. *See, e.g., id.* at PDF pp. 2, 3, 4, 5, 11, 13. The proof of service in this case does not identify a suite number or business name where the papers were left. *See* Dkt. 9. A Google Maps search on the address 1694 Tully Road indicates it is a shopping center where several businesses are located.

Similarly, Plaintiff's request for default and motion for default judgment were served by mail to Tirone & Tuan Investments, Inc. at 1694 Tully Road in San Jose, without specifying a suite number or the name of the business at issue (Big T's Seafood Market Bar). Dkt. 10-2, 16-1.

Based on the record before the Court, including the proof of service stating that the summons and complaint were left with an unidentified "John Doe" at an unidentified business at an address where it appears several businesses are located, the Court cannot conclude that service of Defendant was proper. Accordingly, the Court **DENIES** Plaintiff's the motion for default judgment.

## IV. DISPOSITION

Because Plaintiff has failed to demonstrate that service on Defendant was adequate, the Court finds it unnecessary to consider the other factors regarding entry of default judgment at this time. For the reasons discussed above, the Court **DENIES** Plaintiff's motion for default judgment and **ORDERS** as follows:

1. In light of Plaintiff's inadequate service of the summons and complaint as discussed above, the default entered by the Clerk of Court (Dkt. 11) is **SET ASIDE**. *See* Fed. R. Civ. Proc. 55(c) ("The court may set aside an entry of default for good cause"); *Investcorp Retirement Specialists, Inc. v. Ohno,* No. C-07-01304 RMW, 2007 WL 2462122, *2 (N.D. Cal. 2007) ("The court may set aside entries of default *sua sponte*").

2. Plaintiff must properly serve Defendant with the Summons and Complaint, along with a copy of this Order, and must file a complete proof of service no later than **December 5, 2022**. Defendant's time to respond to the Complaint shall run from the time of service.

**SO ORDERED.**

Dated: November 23, 2022

SUSAN VAN KEULEN
United States Magistrate Judge